UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )    Cr. No. 20-10148-MLW |
| | ) |
| STEPHEN SKEIRIK, | ) |
|     Defendant. | ) |

MEMORANDUM AND ORDER

WOLF, D.J.                                                  January 18, 2022

On December 3, 2021, Eric D. Salach filed an appearance as successor counsel for defendant Stephen Skeirik. See Dkt. No. 77. Also on December 3, 2021, the court granted Skeirik's assented-to motion to extend to January 19, 2022 the deadline for his filing of a motion to suppress. See Dkt. No. 79.

On January 12, 2022, Skeirik filed a Motion to Compel Disclosure and Access to Unnamed Informant, which also requests an extension of time to file his motion to suppress until the court decides whether to order the government to disclose the identity of the informant. See Dkt. No. 82. (the "Motion"). Skeirik did not also file an "[a]ffidavit and other documents setting forth or evidencing facts on which the motion is based" as required by Rule 7.1(b)(1) of the Local Rules of the United States District Court for the District of Massachusetts.

This defect is significant because as this court has written:

> Generally, the government has a right to refuse to confirm or deny the existence or identity of an informant unless a defendant offers evidence of "concrete circumstances that might justify overcoming both the public interest in encouraging the free flow of information and the informant's private interest in his own safety." United States v. Estrella, 567 F.2d 1151, 1153 (1st Cir. 1977) (internal citation omitted).

United States v. Salemme, 978 F. Supp. 343, 350 (D. Mass. 350). At a September 24, 2021 hearing, the retired police officer who provided the information about drug dealing in his neighborhood to the Lawrence, Massachusetts Police Department that launched the investigation which resulted in Skeirik's arrest, and related searches and seizures, was characterized by the government as a person who had provided a "tip" rather than as a participant in Skeirik's alleged criminal activity. If the source of the information was indeed a "mere tipster" disclosure of his identity would not be justified. See, e.g., United States v. Faulkner, 826 F.3d 1139, 1147 (8th Cir. 2016). Skeirik has not provided any evidence to suggest that the informant played an active role in his alleged criminal activity and, therefore, was not only a "mere tipster."

In view of the foregoing, it is hereby ORDERED that:

1. The Motion (Dkt. No. 82) is DENIED without prejudice.

2.   Skeirik shall, by January 24, 2022 file: (a) a renewed motion for disclosure of the informant's identity, an affidavit, and a supporting memorandum of law as required by Local Rule 7.1(b)(1); or (b) a motion to suppress in the manner required by Local Rule 7.1(b)(1).

3.   The government shall respond to Skeirik's January 24, 2022 submission by February 8, 2022.

/s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE