UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) CR. No. 20-10148-MLW |
| STEPHEN SKEIRIK, | ) |
| Defendant | ) |

MEMORANDUM AND ORDER

WOLF, D.J.                                                June 22, 2022

Defendant Stephen Skeirik is charged with being a felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1). The charge results from the February 22, 2020 seizure of a firearm that Skeirik allegedly threw away while fleeing law enforcement officers conducting surveillance of him, and the seizure of a second firearm from his home during a subsequent search that day pursuant to a warrant. The government has stated that the surveillance that resulted in the seizures was begun after the Lawrence, Massachusetts Police Department received information from a retired police officer living in the neighborhood that there was "a lot of drug activity happening at 36 Norris Street."[1] On February 27, 2020, Skeirik was observed exiting 36A Norris Street

---

[1] The transcript of the September 24, 2021 scheduling conference at which this statement was made has not yet been finalized.

and briefly entering a vehicle to engage in what the officers conducting surveillance believed to be a drug transaction. See Aff. of Special Agent Ryan P. Griffin (Dkt. No. 1-1). He allegedly fled when approached by the officers.

In December 2020, Skeirik filed a motion to suppress the seized firearms, see Dkt. No. 29, which the government opposed, see Dkt. No. 32. Skeirik also filed a motion to compel disclosure of and access to the unidentified informant who triggered the surveillance that led to his arrest. See Dkt. No. 82. In addition, he requested that his new counsel be allowed to file a renewed motion to suppress after his request for the identity of the informant was decided. See id.

In a January 18, 2022 Order, the court denied the motion to disclose the name of the informant without prejudice because Skeirik did not file an affidavit in support of it as required by Rule 7.1(b)(1) of the Local Rules of the United States District Court for the District of Massachusetts. See Dkt. No. 83. In that Order, the court explained the significance of this defect as follows:

> Generally, the government has a right to refuse to confirm or deny the existence or identity of an informant unless a defendant offers evidence of "concrete circumstances that might justify overcoming both the public interest in encouraging the free flow of information and the informant's private interest in his own safety." United States v.

2

> Estrella, 567 F.2d 1151, 1153 (1st Cir. 1977) (internal citation omitted).
>
> United States v. Salemme, 978 F. Supp. 343, 350 (D. Mass. 350). At a September 24, 2021 hearing, the retired police officer who provided the information about drug dealing in his neighborhood to the Lawrence, Massachusetts Police Department that launched the investigation which resulted in Skeirik's arrest, and related searches and seizures, was characterized by the government as a person who had provided a "tip" rather than as a participant in Skeirik's alleged criminal activity. If the source of the information was indeed a "mere tipster" disclosure of his identity would not be justified. See, e.g., United States v. Faulkner, 826 F.3d 1139, 1147 (8th Cir. 2016). Skeirik has not provided any evidence to suggest that the informant played an active role in his alleged criminal activity and, therefore, was not only a "mere tipster."

Id. at 2.

Skeirik subsequently filed three affidavits in support of his motion to compel disclosure. See Dkt. Nos. 84, 84-1, 84-2. Skeirik acknowledges that he "is not claiming that the retired police informant had anything to do with the alleged illegal activity." Dkt. No. 84, ¶10. Thus, he admits the officer was a mere tipster.

The government has filed a memorandum in opposition to the motion to compel disclosure which is persuasive. Consistent with the principles stated in the January 18, 2022 Order, the government correctly notes that the First Circuit has held that:

> Where an informant is not a participant or witness to the offense charged, disclosure is only required in "exceptional cases." United States v. Martinez, 922 F.2d 914, 921 (1st Cir. 1991). Where the informant is a "mere tipster, a conduit rather than

3

> a principal or active participant in the enterprise," disclosure is rarely necessary since the testimony of a tipster is unlikely to be material. [Id.; see also] United States v. Hemmer, 729 F.2d 10, 15 (1st Cir. 1984); United States v. Giry, 818 F.2d 120, 130 (1st Cir. 1987) ("The government is not required to disclose the identity of an informant who is a mere tipster and not an active participant in the offense charged even though he was present during the transaction in question.") (quoting United States v. Alonzo, 571 F.2d 1384, 1387 (5th Cir. 1978)).

Dkt. No. 85 at 2.

In this case, there is no indication that the tipster has any evidence relevant to the merits of the felon in possession of a firearm charge in this case, let alone any material exculpatory evidence the government is required to disclose pursuant to Brady v. Maryland, 373 U.S. 83, 87 (1968) and its progeny. Therefore, for the reasons more fully explained in the government's opposition, this is not an exceptional case in which the defendant's interest in knowing the informant's identity outweighs the "'public's interest in the free flow of information and the informant's private interest in his own safety.'" Salemme, 978 F. Supp. at 350 (quoting Estrella, 567 F.2d at 1153).

Accordingly, it is hereby ORDERED that:

1. Defendant's Motion to Compel Disclosure and Access to Unnamed Informant (Dkt. No. 84) is DENIED.

2. Defendant shall, by July 29, 2022, file any renewed motion to suppress, and supporting affidavit(s) and memorandum. See L.R. 7.1(b).

3. The government shall, by August 29, 2022, file any opposition, and supporting affidavit(s) and memorandum.

4. Any reply shall be filed by September 13, 2022.

5. All time until July 29, 2022 is EXCLUDED for Speedy Trial Act purposes because it is in the interest of justice to give defendant's successor counsel ample time to prepare the motion to suppress. See 18 U.S.C. §3161(h)(7)(A).

/s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE